On Motion to Dismiss.
The opinion of the court was delivered by
Bermudez, O. J.
The motion charges that the appeal was taken after a previous one had been obtained, perfected and abandoned.
It appears that a devolutive appeal was asked on December 5, 1889, returnable on the third Monday of the same month, and the bond required was furnished; that the transcript of appeal was not-filed within the legal delay; that, after the return day had gone .by, the same party sought and obtained another like appeal on January 6, 1890, returnable on the third Monday of the same month, and that the proper bond was executed.
Under this last appeal, the transcript was filed here, on January 11, 1890.
The appellant claims that the motion should not prevail and avers that, under the first appeal, the transcript was not filed here, because the original record, needed for transcription, could not be found in the clerk’s office below; that the fact is, that, during the time, when it could have been copied, it was in the office of one of the counsel for appellee, unknowingly, who apologized for its having then been in his office, and offered a waiver, which afterward was. declined.
On the other hand, counsel for appellee denies having given any consent in the premises.
Affidavits and counter-affidavits from the clerk and the lawyers in the case have been submitted.
We ought not perhaps to have examined them, but, after doing so, we are unable to infer from them any justification of appellant’s course, particularly as there existed a plain and adequate remedy at hand.
If the transcript, after the first appeal, was not ready for filing' here on the return day, the appellant ought to have made in this court a showing of the loss or mislaying of the original papers, and an extension of time would have been allowed. • This was not done.
The omission implies negligence on the part of the appellant and an abandonment by her of the first appeal, which warrants the dismissal of the second one.
Appeal dismissed.